ANDREW J. HALE v. MICHAEL SHEEHAN.

FILED MARCH 16, 1893.    No. 4943.

1. **Master and Servant:** CONTRACT: DISCHARGE OF EMPLOYE: ACTION FOR DAMAGES: ALLEGATIONS AND PROOF. In an action for wrongful discharge before the termination of his employment, the plaintiff must show that he is ready and willing to complete his contract.

2. ———: ———: ———: ———: ———. S. contracted for the service of himself and son for a given time at the rate of $50 per month. He alone went into the service of H., his employer, and was subsequently discharged before the termination of the period named in the contract. It does not appear that he ever tendered the services of his son, or that the latter was ready or willing to enter the employment of H. *Held,* That the discharge of S. was not a breach of the contract for which he could recover in an action for being wrongfully discharged, although he may recover in a proper action for the value of his services.

ERROR from the district court of Gage county.   Tried below before BROADY, J.

*A. Hardy,* for plaintiff in error.

*George A. Murphy* and *Rickards & Prout, contra.*

POST, J.

This case comes into this court by petition in error from the district court of Gage county. The petition below contains two causes of action, the first of which is as follows:

"1st. That defendant Andrew J. Hale is indebted to plaintiff in the sum of $383.63, with interest thereon at the rate of seven per cent per annum from the first day of December, 1887, as a balance of money due and unpaid on a certain contract executed by plaintiff and defendant for the hire of plaintiff, for the performance of work and labor

by plaintiff for defendant, on defendant's Sicily Creek farm, in Gage county, Nebraska, and for boarding the farm hands of defendant by plaintiff, and for failure to furnish feed for plaintiff's hogs for 1890, and for the value of hogs for plaintiff's meat for 1890, a copy of which contract is hereto attached, marked Exhibit A, and made a part hereof.

"2d. The said contract expired by its terms on the 1st day of March, 1889, but has been renewed from year to year thereafter by the parties thereto, and which contract does not expire by its terms until the 1st day of March, 1891.

"3d. That by the terms of said contract, and the renewal thereof, the defendant agreed to employ plaintiff, and did employ plaintiff, at and for the sum of $50 per month, and plaintiff agreed to render services on said farm for said sum, and the parties thereto agreed in said con- tract that the work hands working on said farm should be boarded by plaintiff at the rate of $10 per month, and that said sums were to be paid monthly by defendant.

" 4th. That under said contract plaintiff has performed work and labor for defendant, and boarded his work hands for him, from the 1st day of November, 1887, to the 23d day of October, 1890, when defendant wrongfully dis- charged plaintiff from his services and violated the provi- sions of said contract without any sufficient cause therefor, and during all said time plaintiff has performed well and truly all the services and kept all the conditions and agree- ments on his part in said contract contained.

" 5th. Plaintiff further alleges that defendant has failed and refused to furnish feed for the hogs of plaintiff to fat the same sufficient for the meat for plaintiff's use for the year 1890, but on the contrary has sold plaintiff's hogs, which were being fatted for meat for his use for the year 1890, whereby defendant has violated the terms and cov- enants of his part in said contract contained."

The agreement mentioned in the petition is as follows:

"Gage County, Neb., August 29, 1887.

"This memorandum of agreement, made and entered into this 29th day of August, 1887, between A. J. Hale of said county, party of the first part, and M. Sheehan of said county, party of the second part, witnesseth, that the said party of the first part has employed the said party of the second part, and his son William, to work for him on his farm, known as the Sicily Creek farm, for one year, four months, from the 1st day of November, 1887, for the sum of fifty dollars per month, and agrees to board all extra hands employed on said farm for the sum of ten dollars per month while working on said farm. Said Hale to furnish sulky plow for boy to use. Said Hale hereby agrees to pay said party of the first part the said sums hereinbefore specified for the time and purpose therein expressed. Said Hale also agrees to keep two cows and two calves for the said party of the second part, and to furnish feed for hogs sufficient for the meat for his own use. Said party of the second part is to keep his team on said farm as long as he wishes, free of charge, by using them the same as he does party of the first part.

"A. J. Hale.

"M. Sheehan."

The second cause of action is for the sum of $125.60 and interest, for extra meals furnished to the defendant below and his servants and employes, at the agreed rate of twenty-five cents per meal.

For answer the defendant below admits the execution of the agreement alleged, and denies the renewals thereof; admits that plaintiff and son commenced work for him November 1, 1887, at the rate of $50 per month, under said agreement, and that the said plaintiff remained in his employ until October 10, 1890, when he was discharged for good and sufficient cause, which is alleged, but which need not be noticed. It is also alleged in the answer that the

plaintiff's son worked for the defendant below two months, in each of the years 1888, 1889, and 1890, and at no other time. There is also a counter-claim for $450, for the negligence of the plaintiff below and for the conversion of property, the 'proceeds of the farm in question, and for the failure of his son to render services as stipulated.

The district court, on the trial of the cause, gave the following instructions, to which exception is taken:

"In relation to the discharge from further service, and under the contracts alleged in the petition, the law deems that both parties will act under it, or friendly to it, to promote its execution in good faith by both parties, and it is for you to say, from the evidence, whether either or both the parties have done so, and from the whole evidence determine whether the discharge of plaintiff by defendant was for good and sufficient cause, or was not for good and sufficient cause. If it was for good cause, the plaintiff would still be entitled to what he had already earned, less the amount of damages to the defendant resulting from plaintiff's failure to perform his part of the contract; but if the discharge was without cause, the plaintiff is entitled to any balance that may be due and unpaid, for services rendered under the contract, up to the time of the discharge."

By reference to the petition it will be seen the only employment of the plaintiff below was by virtue of the agreement set out above. His allegation is, "That by virtue of said contract and renewal thereof the defendant agreed to and did employ the plaintiff at and for the sum of $50 per month, and the plaintiff agreed to render services on said farm for said sum." On this branch of the case there is an utter failure of proof. The agreement introduced in evidence, and which is set out above, recites that "The party of the first part [defendant below] has employed the party of the second part [plaintiff below] and his son William to work for him * * * for $50 per month." If the plaintiff below worked for the defendant as alleged,

he is entitled to recover the value of his services. But in order to recover for a wrongful discharge he is required to allege and to prove a contract or agreement under which he would be entitled to employment, for it is an elementary rule that where one sues to recover by virtue of a contract it must appear that he has some rights under such contract. In this case the defendant below had contracted for the services of two persons. It does not appear from the pleadings that there was any agreement to employ the plaintiff below without his son, and for all that is disclosed the service of the latter was the principal inducement for the employment of the two. Presumptively the son was a minor, and, in contemplation of law, the servant of the plaintiff below. The latter could contract for the services of his son and recover therefor. It may also be assumed that a cause of action would accrue in his favor on said contract upon the refusal to employ both himself and his son. There is, however, no allegation that the defendant below has refused employment to the father and son, or that the services of the latter were ever tendered him. Since there is alleged no breach of the contract introduced in evidence, it follows that the question of damage on account of the discharge of the plaintiff below should not have been submitted to the jury, and the giving of the instructions complained of was error, for which the judgment should be

REVERSED.

THE other judges concur.